1803.

GLEASON
v.
CHESTER.

cal system, on entering an action, after reversal, the plaintiff is entitled to immediate relief, or required further to pursue his remedy, according to the state of his case, on a view of the record. The rights of the parties require, that such view be retrospective so far, and so far only, as the proceedings, on record, appear to have been impugned, by the judgment of reversal. In this case, the certainty and verity of the plaintiffs' declaration appear, by the record, to have been ascertained, in a legal course of judicial proceedings. Their claim appears, on the record, certain, valid, and complete; and it remained, that, on their motion, without further trial, they should have judgment for the sum, found by the jury, in their favour.

# Lewis *v.* Wildman.

### In the Court below,

EZRA LEWIS, *Plaintiff* ; BENJAMIN WILDMAN, *Defendant.*

THIS was an action upon an indenture of apprenticeship, brought by the master against the guardian of the apprentice.

The indenture contained a covenant, on the part of the defendant, to secure to the plaintiff the whole of the apprentice's time, till he should arrive at the age of twenty one years. The plaintiff, on his part, covenanted to instruct and support the apprentice. There was also, in the indenture, a provision, that in case of a violation of the covenants by either party, the other should be discharged, and be entitled to damages.

An award by rule of court will not be set aside, unless corruption be shewn in the arbitrators.

A master to whom an apprentice is bound by indenture, having given him licence to depart, cannot, though he afterwards revoked that licence, maintain an action on the indenture against the guardian, for such departure.

W

The breach alleged was, that the apprentice had, by the advice of the defendant, absented himself from the plaintiff's service.

The defendant pleaded *not guilty ;* and by rule of court, the cause was referred to arbitrators, who awarded that the defendant had not broken his covenants.

From the award it appeared, that on the hearing before the arbitrators, the defendant, having admitted the execution of the indenture, and the departure of the apprentice from the service of the plaintiff, offered in evidence a letter written by the plaintiff, and addressed to the defendant, in answer to another letter previously written by the defendant to the plaintiff. The conclusion of the first mentioned letter was in these words : " I was " in hopes you would continue to keep him, [referring " to the apprentice] when he come home ; but I tell " you plainly, that I do not intend to keep him no " longer. If you will come and take him away, very " well ; but if not, I will turn him out o' doors very " soon ; for I will not have so saucy a boy in my house." This letter was objected to by the plaintiff, as being inadmissible ; but the arbitrators permitted the defendant to read it in his defence. It also appeared, that after writing this letter, the plaintiff forbade the defendant to take away the apprentice.

To the acceptance of this award the plaintiff remonstrated. The Court accepted the award, and rendered judgment for the defendant.

*Ingersoll* and *Mills,* (of New-Haven) for the plaintiff, contended, that this evidence was inadmissible, because

it proved, if any thing, an act of the party, which should have been pleaded under our statute.

1803.

Lewis
v.
Wildman.

Again, the letter only proved, that the master was willing the apprentice should go; but yet when called upon, he refused to let him go. It, therefore, could not be considered as a dissolution of the indenture.

They further said, that these things appearing on the face of the award, in which the letter was recited, a foundation was laid for enquiry before the Court, as to the validity of the award. (a)

*Smith*, (of Woodbury) and *Smith*, (of New-Haven) contended, that an award is conclusive upon the parties, unless corruption in the arbitrators be proved.

They also urged, that the letter contained a licence to the apprentice to depart, and that after such licence the master could not regain him. (b)

BY THE WHOLE COURT,

The judgment was affirmed.

(a) 1 *Bla. Rep.* 363, *Montefiori* v. *Montefiori. Kirby* 353, *Parker* v. *Avery.* 1 *Root* 212, *Waterbury* v. *Waterbury.* 3 *Atk.* 462, [494,] Case there cited.

(b) 1 *Rol. Abr.* 455. 4 *Com. Dig.* 582. 6 *Mod.* 70. *Anon.*